IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION | CIVIL ACTION<br>NO. 17-cv-10700-DJC |

ALBERT M. BERTINI and ALICE BERTINI,

        Plaintiffs,

v.

GOULDS ELECTRONICS INC., et al.,

        Defendants.

## THE DEFENDANT'S, PLASTICS ENGINEERING COMPANY, ANSWER TO THE PLAINTIFFS' COMPLAINT

The Defendant, Plastics Engineering Company ("Defendant"), hereby makes this its answer to the Complaint of the Plaintiffs, Albert M. Bertini and Alice Bertini ("Plaintiffs") Complaint, as follows:

### FIRST DEFENSE

1.  The Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiffs to prove the same.

2A-2E.  The Defendant states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, in the event a response is required, the Defendant denies the allegations contained in these paragraphs.

2F.  The Defendant admits that it is incorporated outside of the Commonwealth of Massachusetts and that it has, in the past, conducted business in Massachusetts. To the extent applicable, the Defendant denies the remaining allegations contained in this paragraph.

2G-2H. The Defendant states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, in the event a response is required, the Defendant denies the allegations contained in these paragraphs.

3. The Defendant denies the allegations contained in this paragraph.

4. The Defendant denies the allegations contained in this paragraph.

5. The Defendant denies the allegations contained in this paragraph.

6. The Defendant denies the allegations contained in this paragraph.

7. The Defendant denies the allegations contained in this paragraph.

8. The Defendant denies the allegations contained in this paragraph.

## COUNT I

9. The Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 8 and makes them its answer to this paragraph.

10. The Defendant denies the allegations contained in this paragraph.

11. The Defendant denies the allegations contained in this paragraph.

12. The Defendant denies the allegations contained in this paragraph.

13. The Defendant denies the allegations contained in this paragraph.

14. The Defendant denies the allegations contained in this paragraph.

15. The Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Defendant demands that the Plaintiffs' Complaint be dismissed and that judgment enter in favor of the Defendant together with its costs, interest and reasonable attorneys' fees.

## COUNT II

16. The Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 15 and makes them its answer to this paragraph.

17. The Defendant denies the allegations contained in this paragraph.

18. The Defendant denies the allegations contained in this paragraph.

19. The Defendant denies the allegations contained in this paragraph.

20. The Defendant denies the allegations contained in this paragraph.

21. The Defendant denies the allegations contained in this paragraph.

22. The Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Defendant, demands that the Plaintiffs' Complaint be dismissed and that judgment enter in favor of the Defendant together with its costs, interest and reasonable attorneys' fees.

## COUNT III

23. The Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 22 and makes them its answer to this paragraph.

24. The Defendant denies the allegations contained in this paragraph.

25. The Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Defendant, demands that the Plaintiffs' Complaint be dismissed and that judgment enter in favor of the Defendant together with its costs, interest and reasonable attorneys' fees.

## **GENERAL DENIAL**

The Answering Defendant denies each and every allegation of the Complaint that is not expressly admitted herein.

## SECOND DEFENSE

### FIRST AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that if the Plaintiffs prove that Plaintiffs were injured as alleged, said injuries were caused by the misuse of materials by the Plaintiffs, and is thus barred from recovery.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that any asbestos-containing products allegedly supplied by this Defendant which allegedly gave rise to Plaintiffs' claims herein, which are expressly denied, were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products were equal or superior to that of this Defendant, and by reason therefore this Defendant is entitled to such immunity from liability as exists in favor of the United States Government.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that pursuant to either 33 U.S.C. Section 905 or General Laws, Chapter 152, the Plaintiffs exclusive remedy is either under the Longshoreman's Compensation Act or the Massachusetts Worker's Compensation Act, wherefore the Plaintiffs are barred from recovery in this action.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant denies it knew of the particular purpose for which the alleged product was intended to be used by the Plaintiffs and further denies that the Plaintiffs relied on the Answering Defendant's, its agents', servants' or employees' skill or judgment in selecting the alleged product.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that the Plaintiffs have waived, released and forfeited any and all claims he might have had against the Answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant denies that any product allegedly supplied by it caused any injury to the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant denies each and every material allegation of the Complaint not herein specifically admitted.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that all Counts of the Plaintiffs' Complaint fail to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that the Plaintiffs' claims are barred by the Statute of Repose pursuant to M.G.L. Chapter 260, Section 2B.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that the acts complained of were not committed by a person for whose conduct the Answering Defendant was legally responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that if the Plaintiffs prove that the Defendant was negligent as alleged, the Plaintiffs were negligent to a greater degree than the Defendant and the Plaintiffs are barred and/or limited from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

### TWELTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that to the extent it had any obligations to the Plaintiffs, such obligations have been fully, completely and properly performed in every respect.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that no notice of the alleged breaches of warranties was given to the Answering Defendant as required by law, and the Answering Defendant was thereby prejudiced.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that no notice of the alleged defective or hazardous condition was given to the Answering Defendant, and the Answering Defendant was thereby prejudiced.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that the warranties claimed did not arise in the manner alleged in the Plaintiffs' Complaint, and that the Answering Defendant did not breach any of these alleged warranties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that it has performed and fulfilled all promises and obligations arising under any and all applicable warranties and that, therefore, the Plaintiffs are barred from recovery.

### EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that, upon information and belief, it is not responsible for the mining, milling, fabricating, supplying and/or selling of the alleged defective products and, accordingly, the Plaintiffs' claims in this action must fail.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that to the extent the Plaintiffs' claims resulted from modifications and/or alterations made by other persons or entities, the Plaintiffs' claims in this action must fail against the Answering Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that to the extent the Plaintiffs' claims resulted from the improper use of products, the Plaintiffs' claims are barred.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that there was insufficient process and the Complaint must be dismissed pursuant to Rule 12(b)(4).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that there was insufficiency of service of process pursuant to Rule 12(b)(5).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant denies that the Plaintiffs are entitled to the damages claimed or to the relief demanded.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the causes of action alleged in Plaintiffs' Complaint were not brought within the time specified under the applicable statute of limitations.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs may not recover against the Answering Defendant because any damages were not due to any act or failure to act of this Answering Defendant but were caused solely by the intervening or superseding acts of a third-party or parties for whom this Answering Defendant is not responsible.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs were not in the exercise of due care, but rather the negligence of the Plaintiffs contributed to or caused the injury or damage complained of, wherefore, the recovery of the Plaintiffs are barred in whole or in part, or is subject to diminution as a result of the Plaintiffs' conduct.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant gave no warranties, express or implied, to the Plaintiffs or to anyone acting on the Plaintiffs' behalf.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that any claim the Plaintiffs may have based on alleged breaches of express or implied warranties (allegations which the Answering Defendant specifically denies) are barred because the Plaintiffs were not in privity of contract with Answering Defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that if there were express or implied warranties as alleged in the Complaint (allegations which the Answering Defendant specifically denies) the Plaintiffs were not within the scope of any such alleged warranties

because he/she was not a purchaser, and no sale to the Plaintiffs ever occurred of any product allegedly used by the Answering Defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs' claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred within the meaning of Article 2, M.G.L. c. 106.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that it is not a merchant as alleged by Plaintiffs and as defined by Article 2, M.G.L. c. 106, and therefore is not subject to the application of warranty law in Massachusetts.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant says that it owed no duty to the Plaintiffs in this case and, therefore, the Plaintiffs claims must fail.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that if the Defendant, its agents or servants made any warranties, express or implied, (allegations which the Defendant specifically denies) then the Answering Defendant denies that it breached any of the warranties.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that if the Defendant's servants or agents made any express warranties (allegations which the Defendant specifically denies) then the Plaintiffs did not rely on the express warranties and further, there was no such reliance by any person or entity authorized to represent the Plaintiffs.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs failed to give notice of the alleged breaches of warranties within a reasonable time as required by applicable statutes.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the failure of the Plaintiffs to give the required statutory notice of the alleged breaches of warranties and negligence to the Answering Defendant resulted in delay and prejudice to the Answering Defendant in this case and therefore, the Plaintiffs cannot recover.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs were not a third party beneficiary with reference to any alleged warranties, either express or implied, and therefore, the Plaintiffs cannot recover in this action.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that if it were liable, negligent or in breach of any warranty, all of which it expressly denies, the Answering Defendant's liability in any or all of those events has been terminated by the intervening acts, omissions, or negligence of others for whose conduct the Answering Defendant is not legally responsible.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that if the Plaintiffs prove that Plaintiffs were injured as alleged, said injuries were caused by the intervening and/or superseding acts of third persons for whom the Answering Defendant is not liable.

## FORTIETH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs' employer or employers were negligent with respect to the matters set forth in the Complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, which Plaintiffs may have sustained, as set forth in the Complaint, and that the Plaintiffs received workers' compensation benefits from his/her employer or employers. As a consequence, even if the Plaintiffs are entitled to recover against the Defendant which the Defendant specifically denies, they are not entitled to recover the amount being sought because the Defendant is entitled to set off all of the workers' compensation payments against any judgment which might be rendered in the Plaintiffs favor.

## FORTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs' claims are barred by estoppel and/or waiver.

## FORTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that if it mined, milled, manufactured, fabricated, supplied, sold or used any asbestos product, either directly or indirectly, on any site, which is expressly denied, such product was supplied in accordance with and pursuant to specifications established and promulgated for that site, by agencies or departments of the appropriate municipality, of the Commonwealth of Massachusetts or the United States of America, other persons and/or entities.

## FORTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that at all relevant times hereto, the state of medical and scientific knowledge and the state of the art or the design, manufacture and installation of asbestos-containing materials was such that the Answering Defendant neither

knew nor should have known that such products presented a significant risk of harm to the Plaintiffs who never worked directly with such products, who never worked in close proximity to others working with such products and/or who was never present on the Answering Defendants premises at any time.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs failed to mitigate damages and is therefore barred from recovery.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states if the Plaintiffs were users of tobacco products, such use contributed to any lung disease from which the Plaintiffs may have suffered and further answering, the Answering Defendant states that since the tobacco industry placed warnings on its products as to the hazards associated with smoking, the Plaintiffs, knowing of the hazards and voluntarily assuming the risk, and therefore Plaintiffs should be foreclosed from any recovery for any lung disease or other asbestos related disease which Plaintiffs' allegedly developed.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the alleged injury or damage sustained as a result of the occupation of the Plaintiffs was an occupational disease and accordingly the Defendant is not liable or responsible for any occupational disease which was suffered or sustained by Plaintiffs in the course of employment over a number of years.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the utility of any of the alleged materials allegedly mined, milled, manufactured, fabricated, supplied, sold or used by the

Answering Defendant outweighs the danger allegedly involved, and therefore, the Plaintiffs' claims are barred as a matter of public policy.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that since the Plaintiffs are unable to identify the entity which mined, milled, manufactured, fabricated, supplied, sold or used the asbestos which allegedly caused him injury, they fail to state a cause of action upon which relief can be granted.

## FORTH-NINTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Complaint fails to state a claim upon which relief can be granted to the extent that it seeks punitive or exemplary damages, which are not recoverable under applicable law.

## FIFTIETH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiffs of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damage was sustained.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the Plaintiffs, or malice (actual, legal or otherwise) on the part of the Answering Defendant as to the Plaintiffs herein.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that any exposure of the Plaintiffs to products allegedly manufactured by the Answering Defendant which exposure the

Answering Defendant vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the exposure caused his/her claimed injuries and illness.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs are guilty of laches in bringing this action and are therefore barred from recovery.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Answering Defendant states that the Plaintiffs' employer or employers were sophisticated users with respect to the products at issue as set forth in Complaint such that no duty to warn was owed or breached and the Plaintiff is barred from recovery.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs were injured by exposure to asbestos or asbestos-containing products, which the Answering Defendant denies, then such injuries were or may have resulted from exposure to products of one or more other manufacturers not parties to this action.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

The Answering Defendant states that if the Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised the Plaintiffs' claims herein, then said claims are barred in the amount of said settlement by operation of law.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendant states that if the Plaintiffs have heretofore settled or should hereafter settle for any of the alleged injuries and damages with any parties, then the Answering Defendant is entitled to a credit in the amount of said settlement.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

The Answering Defendant reserves the right to seek contribution and/or indemnity from those parties not joined in this action as a result of bankruptcy.

## FIFTY-NINETH AFFIRMATIVE DEFENSE

The Answering Defendant avails itself of and adopts such other defenses raised by any other Defendants as may be applicable.

## SIXTIETH AFFIRMATIVE DEFENSE

This Answering Defendant states that due to the generality of the allegations in this Complaint, this Answering Defendant reserves the right to amend its Answer, Affirmative Defenses, Cross-claims against Co-Defendants, and Answer to All Cross Claims if investigation, discovery, and further information should warrant such amendment, and further, to assert any applicable matters of law while this action is pending and further reserves the right to raise additional affirmative defenses after discovery under Rule 8(c) of the Federal Rules of Civil Procedure.

## CROSS-CLAIM OF DEFENDANT/CROSS-CLAIM PLAINTIFF, PLASTICS ENGINEERING COMPANY AGAINST ALL CO-DEFENDANTS

1. The Defendant/Cross-Claim Plaintiff, Plastics Engineering Company ("PLENCO"), is a principal defendant in the primary action.

2. The Plaintiffs have alleged that PLENCO was negligent and breached certain warranties and that as a result, the Plaintiffs sustained personal injuries, including asbestos-related disease.

3. PLENCO denies any liability to the Plaintiffs and says that, to the extent the Plaintiffs were exposed to asbestos as alleged, such exposure resulted from allegedly negligent work/services performed by and/or allegedly defective equipment and/or materials manufactured, distributed, supplied or sold by the Defendants-in-Crossclaim.

4.      PLENCO states that, to the extent it is found liable to the Plaintiffs, such liability being specifically denied, then the Defendants-in-Crossclaim are jointly liable in contribution pursuant to G.L. c. 231B for their pro rata share of liability to the Plaintiffs for any alleged asbestos exposure.

5.      PLENCO states that, to the extent it is found liable to the Plaintiffs, such liability being specifically denied, then PLENCO is entitled to common law indemnification where it is vicariously liable solely as a result of the actual negligence of the Defendants-in-Crossclaim.

6.      PLENCO states that, to the extent it is found liable to the Plaintiffs, such liability being specifically denied, then PLENCO is entitled to express contractual indemnification based upon its contractual agreements with certain of those Defendants-in-Crossclaim who performed work, supplied services and/or manufactured, distributed, supplied or sold allegedly defective equipment and/or materials for installation on PLENCO premises prior to and/or during the alleged exposure period at the subject PLENCO Stations as alleged by the Plaintiffs.

WHEREFORE, Plastics Engineering Company, demands contribution from the Defendants-in-Crossclaim for: (1) its pro rata share of liability to the Plaintiffs, pursuant to G.L. c. 231B together with its costs and interest thereon; (2) full indemnity as provided by common law coming from and against any damages, expenses, and costs, including attorneys' fees arising from the defense of and any judgment entered against the Defendant in the Plaintiffs' lawsuit, (3) contractual indemnity as provided by the respective contractual agreements with between the Defendant coming from and against any damages, expenses, and costs, including attorneys' fees arising from the defense of and any judgment entered against the Defendant in the Plaintiffs' lawsuit; and (4) such other and further relief as the Court may deem appropriate.

### ANSWER TO ANY AND ALL CROSS-CLAIMS AGAINST THE DEFENDANT, CROSS-CLAIM DEFENDANT, PLASTICS ENGINEERING COMPANY

The Defendant/Defendant-in-Crossclaim, Plastics Engineering Company ("PLENCO") denies each and every cross-claim that has been or hereafter may be filed against PLENCO by any co-defendant or third party defendant.

### JURY CLAIM

THE DEFENDANT, PLASTICS ENGINEERING COMPANY, HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,
The Defendant,
Plastics Engineering Company,
By its attorneys,

/s/ Mark B. Lavoie
Mark B. Lavoie, BBO# 553204
mlavoie@mhlattys.com
Christopher W. Costello, BBO# 645936
ccostello@mhlattys.com
McDonough, Hacking & Lavoie, LLC
27 Congress Street, Suite 404
Salem, MA 01970
(617) 367-0808

### CERTIFICATE OF SERVICE

I, Mark B. Lavoie, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 20, 2017.

/s/ Mark B. Lavoie
Mark B. Lavoie