IN RE: ASBESTOS PRODUCTS LIABILITY            Civil Action
LITIGATION (NO. VI)           No. **17-10700-DJC**

---

ALICE BERTINI, Individually and as Personal Representative of the
    Estate of ALBERT M. BERTINI,

         Plaintiff,

v.           **FIRST AMENDED COMPLAINT**

GOULDS ELECTRONICS INC. f/k/a NIKKO MATERIALS USA, INC.
    f/k/a NIKKO MATERIALS USA, INC. and
    f/k/a GOULD INC. Successor in Interest to     **PLAINTIFF DEMANDS**
    I-T-E IMPERIAL CORPORATION     **A TRIAL BY JURY**
    and I-T-E CIRCUIT BREAKER COMPANY;
ABB, INC. as Successor in Interest to I-T-E IMPERIAL CORPORATION
    and I-T-E CIRCUIT BREAKER COMPANY;
SIEMENS INDUSTRY, INC. as Successor in Interest to
    I-T-E IMPERIAL CORPORATION and I-T-E CIRCUIT BREAKER COMPANY;
ELECTRO DYNAMIC CORPORATION;
DUREZ PLASTICS AND CHEMICAL,
    Formerly a Division of OCCIDENTAL CHEMICAL CORPORATION;
PLASTICS ENGINEERING COMPANY;
ROGERS CORPORATION; and
ROCKWELL AUTOMATION, INC. Individually and as Successor in Interest to
    ALLAN BRADLEY and ROSTONE CORPORATION;

         Defendants.

---

Now comes the plaintiff, by her attorneys, and files the following complaint:

1.     PARTY PLAINTIFF

The plaintiff, Alice Bertini, Individually and as Personal Representative of the Estate of Albert M. Bertini, and resides at 58 Dunster Road, Bedford, Massachusetts 01730.

2.     PARTY DEFENDANTS

2A.     The defendant, Goulds Electronics Inc. f/k/a Nikko Materials USA, Inc. and f/k/a Gould Inc. Successor in Interest to I-T-E Imperial Corporation and I-T-E Circuit Breaker Company, is a foreign corporation, incorporated under the laws of the State of Delaware, having

a principal place of business outside the Commonwealth of Massachusetts, and has conducted business in the Commonwealth of Massachusetts.

2B. The defendant, <u>ABB, Inc. as Successor in Interest to I-T-E Imperial Corporation and I-T-E Circuit Breaker Company</u>, is a foreign corporation, incorporated under the laws of the State of Delaware, having a principal place of business in the State of North Carolina, and has conducted business in the Commonwealth of Massachusetts.

2C. The defendant, <u>Siemens Industry, Inc. as Successor in Interest to I-T-E Imperial Corporation and I-T-E Circuit Breaker Company</u>, is a foreign corporation, incorporated under the laws of the State of Delaware, having a principal place of business in the State of Georgia, and has conducted business in the Commonwealth of Massachusetts.

2D. The defendant, <u>Electro Dynamic Corporation</u>, is a foreign corporation, with a principal place of business outside the Commonwealth of Massachusetts, which has conducted business in the Commonwealth of Massachusetts.

2E. The defendant, <u>Durez Plastics and Chemical, Formerly a Division of Occidental Chemical Corporation</u>, is a foreign corporation incorporated under the laws of the State of New York, having a principal place of business in the State of Texas, and has conducted business in the Commonwealth of Massachusetts.

2F. The defendant, <u>Plastics Engineering Company</u>, is a foreign corporation, with a principal place of business in Sheboygan, Wisconsin which has conducted business in the Commonwealth of Massachusetts.

2G. The defendant, <u>Rogers Corporation</u>, is a domestic corporation incorporated under the laws of the Commonwealth of Massachusetts, having a principal place of business in the

Commonwealth of Massachusetts, and has conducted business in the Commonwealth of Massachusetts.

2H. The defendant, <u>Rockwell Automation, Inc. Individually and as Successor in Interest to Allan Bradley and Rostone Corporation</u>, is a Delaware corporation with a principal place of business in the Commonwealth of Pennsylvania and has conducted business in the Commonwealth of Massachusetts.

As used in this Complaint, the term "defendant" shall include any party defendants identified in paragraphs 2A-2H hereof, and their predecessors, which shall include, but is not limited to, any person, corporation, company or business entity: which formed part of any combination, consolidation, merger or reorganization from which any party defendant was created or was the surviving corporation; whose assets, stock, property, products or product line was acquired by any party defendant; whose patent rights, trademark rights, trade secrets or goodwill was acquired by any party defendant; or, which was dominated or controlled by any party defendant to such an extent that said party defendant was the "alter ego" of said corporation.

3. The plaintiff's cause of action arises from the defendants: (a) transacting business in Massachusetts; (b) contracting to supply and/or sell goods in Massachusetts; (c) doing or causing a tortious act to be done within Massachusetts; and/or, (d) causing the consequence of a tortious act to occur within Massachusetts.

4. The plaintiff's decedent, Albert M. Bertini, was exposed to defendants' asbestos and asbestos-containing materials while serving in the U. S. Navy as an electrician's mate aboard the USS Neosho from approximately 1966 to 1969; and while working as an electrician at the Fore River Shipyard in Quincy, Massachusetts in approximately 1970.

5. During the period of time set forth in Paragraph 4, the plaintiff's decedent, Albert M. Bertini, was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied, sold, and/or specified by the defendant corporations.

6. The asbestos and asbestos-containing products which the plaintiff's decedent, Albert M. Bertini, was exposed to were mined, milled, manufactured, fabricated, supplied, sold, and/or specified by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

7. At all times pertinent hereto, the defendant corporations were engaged in the business of mining, milling, manufacturing, fabricating, supplying, and/or selling asbestos and asbestos-containing products and/or equipment which included and/or specified asbestos and asbestos-containing products to be used thereon or therein.

8. At all times pertinent hereto, the asbestos products were products mined, milled, manufactured, fabricated, supplied and/or sold by the defendant corporations and reached the plaintiff's decedent, Albert M. Bertini, without any substantial change in the condition of the product or products from the time that they were sold.

## COUNT I - NEGLIGENCE

9. The plaintiff realleges the allegations of Paragraphs 1 through 8 of the Complaint, and by reference, makes them part of this Count.

10. It was the duty of the defendant corporations to use and exercise reasonable and due care in the manufacture, fabricating, testing, inspection, production, marketing, packaging and sale of their asbestos and asbestos-containing products or equipment.

11. It was also the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos and asbestos products and equipment and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products and equipment.

12. It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products and equipment.

13. Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached their duties by: (a) failing to warn the plaintiff's decedent, Albert M. Bertini, of the dangers, characteristics, and potentialities of their asbestos-containing product or products when the defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn the plaintiff's decedent, Albert M. Bertini, of the dangers to which he was exposed when they knew or should have known of the dangers; (c) failing to exercise reasonable care to warn the plaintiff's decedent, Albert M. Bertini, of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and asbestos-containing products; (d) failing to provide safe, sufficient and proper protective clothing, equipment and appliances with their asbestos-containing product or products; (e) failing

to test their asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure thereto; (f) failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and asbestos-containing products; (g) failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to their asbestos and asbestos-containing products; (h) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise the plaintiff's decedent, Albert M. Bertini, of the dangers, hazards, and potentialities discovered; (i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said asbestos and asbestos-containing products so as to eliminate said dangers, hazards, and potentialities; (j) failing to provide an adequate warning to those who would foreseeably come into contact with asbestos and asbestos-containing material which was specified, recommended, required or necessarily used in the installation and/or continued maintenance of the defendant's equipment, and, (k) generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos and asbestos-containing products.

14. As a direct and proximate result of the unreasonable, careless, and negligent conduct of the defendant corporations, the plaintiff's decedent, plaintiff's decedent, Albert M. Bertini, contracted mesothelioma and other asbestos-related disease, which substantially contributed to his death on October 15, 2018. Prior to his death, Albert M. Bertini endured great physical pain and suffering, and incurred substantial medical expenses in connection with the treatment of his mesothelioma and other asbestos-related disease. Furthermore, the Estate of Albert M. Bertini has incurred funeral expenses and other expenses occasioned by his death and has been deprived of his capacity to earn money during his probable working life.

15. The defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos and asbestos-containing products.

WHEREFORE, the plaintiff, Alice E. Bertini as Personal Representative of the Estate of Albert M. Bertini, demands compensatory damages, plus interest and costs.

## COUNT II - BREACH OF EXPRESSED AND IMPLIED WARRANTIES

16. The plaintiff realleges the allegations of Paragraphs 1 through 15 of the Complaint, and by reference, makes them part of this Count.

17. The plaintiff's decedent, Albert M. Bertini, was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products or equipment within the meaning of Massachusetts General Laws c. 106, §2-318, as the defendants knew or had reason to know that their asbestos-containing products would be used in the insulation or construction industry and that individuals such as the plaintiff's decedent, Albert M. Bertini, would come in contact with such asbestos materials.

18. The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products and equipment described above were merchantable, safe, and fit for their ordinary purposes and the particular purposes and requirements of the plaintiff's decedent, Albert M. Bertini.

19. The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products and equipment would be used.

20. The plaintiff's decedent, Albert M. Bertini, relied upon the defendants' skill or judgment in selecting suitable mechanical material, insulation or construction products for safe use.

21. The defendants breached these warranties, in that the asbestos-containing products and equipment they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

22. As a direct and proximate result of the defendants' breach of warranties, the plaintiff's decedent, Albert M. Bertini, contracted mesothelioma and other asbestos-related disease, which substantially contributed to his death on October 15, 2018. Prior to his death, Albert M. Bertini endured great physical pain and suffering, and incurred substantial medical expenses in connection with the treatment of his mesothelioma and other asbestos-related disease. Furthermore, the Estate of Albert M. Bertini has incurred funeral expenses and other expenses occasioned by his death and has been deprived of his capacity to earn money during his probable working life.

WHEREFORE, the plaintiff, Alice E. Bertini as Personal Representative of the Estate of Albert M. Bertini, demands compensatory damages, plus interest and costs.

## COUNT III - WRONGFUL DEATH: MALICIOUS, WILLFUL, WANTON AND RECKLESS CONDUCT OR GROSS NEGLIGENCE: MASS. GEN. L. CH. 229, §2

23. The plaintiff realleges the allegations of Paragraphs 1 through 22 of the Complaint, and by reference, makes them part of this Count.

24. As early as 1929, the defendants, or some of them, possessed medical and scientific data clearly indicating that asbestos and asbestos-containing products were hazardous to the health and safety of Albert M. Bertini and others in his position.

25. The defendants, or some of them, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies, and reports, which information conclusively established that asbestos and asbestos-containing products were

hazardous to the health and safety of Albert M. Bertini and all other persons exposed to the products.

26. The defendants, or some of them, since the 1930's have had numerous workmen's compensation claims filed against them by former asbestos workers or employees, or knew such claims were filed against asbestos product suppliers and manufacturers.

27. Prompted by pecuniary motives, the defendants ignored and failed to act upon such medical and scientific data and conspired to deprive the public, and particularly the users, from access to said medical and scientific data, thereby depriving them of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of the defendants.

28. The defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, by continuing to market their asbestos products, with reckless disregard for the health and safety of the plaintiff's decedent, Albert M. Bertini, and other users or consumers, knowing the dangerous characteristics and propensities of said asbestos products, but still depriving those affected by the dangers from information about those dangers.

29. Because the defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, in marketing their hazardous asbestos and asbestos-containing products, in ignoring the medical and scientific data which was available to them, and depriving consumers, users, and the general public from that medical and scientific data, the plaintiff, Alice E. Bertini, as Personal Representative of the Estate of Albert M. Bertini is entitled to compensatory and punitive damages.

30. As a result of working with, around or near others who worked with, around or near asbestos materials supplied by defendants to the plaintiff's decedent, Albert M. Bertini's

employers, the plaintiff's decedent, Albert M. Bertini, contracted mesothelioma and other asbestos-related disease, which substantially contributed to his death on October 15, 2018.

31. The plaintiff's decedent, Albert M. Bertini, is survived by his spouse, Alice E. Bertini, who by reason of said death has been deprived of income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the said plaintiff's decedent, Albert M. Bertini. In addition, the estate of the plaintiff's decedent, Albert M. Bertini, has incurred reasonable funeral and burial expenses as a result of the death of the plaintiff's decedent, Albert M. Bertini.

WHEREFORE, the plaintiff, Alice E. Bertini, Individually and as Personal Representative of the Estate of Albert M. Bertini, demands compensatory and punitive damages pursuant to Mass. Gen. L. c. 229, §2, in addition to the damages demanded in Counts I through II, plus interest and costs.

## COUNT IV – LOSS OF CONSORTIUM

32. The plaintiff realleges the allegations of Paragraphs 1 through 31 of the Complaint, and by reference, makes them part of this Count.

33. The plaintiff, Alice Bertini, is the widow of Albert M. Bertini and at all pertinent times was the wife of Albert M. Bertini.

34. As a direct and proximate result of the breach of duty and wrongdoing of the defendants and the resultant injury and death of Albert M. Bertini as more particularly described in Counts I through II, the plaintiff, Alice Bertini, suffered a loss of her right to consortium with her husband and the loss of her husband's services, society and companionship, and has suffered great mental anguish.

WHEREFORE, the plaintiff, Alice Bertini, demands compensatory damages, plus interest and costs.

The plaintiff demands a trial by jury on all issues.

DATED: January 17, 2019

Respectfully submitted,

_____
Brian J. Freer, Esq.
(BBO# 683030)
**THORNTON LAW FIRM LLP**
One Lincoln Street, 25th Floor
Boston, MA 02111
(617) 720-1333  FAX (617)720-2445
bfreer@tenlaw.com

## CERTIFICATE OF SERVICE

I, Brian J. Freer, Esq., hereby certify that a true and correct copy of the forgoing has been served on all parties participating in CM/ECF Electronic Noticing.

DATED: January 17, 2019

_____
Brian J. Freer, Esq.